**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-60338
Summary Calendar
_____


HOWARD SHAW,

                                        Petitioner-Appellant,

versus

WALTER BOOKER;
MIKE MOORE, Attorney General,
State of Mississippi,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:97-CV-671-B-N
- - - - - - - - - -
July 16, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Howard Shaw, Mississippi state prisoner # 78003, is serving

a life sentence stemming from his role in a bank robbery in

McComb, Mississippi.  He appeals the denial of his 28 U.S.C.

§ 2254 petition for habeas corpus relief.  Shaw argues that his

attorney rendered constitutionally deficient representation

because (1) he failed to object to evidence elicited by the state

on direct examination that a co-indictee had been convicted and

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentenced for the same crime; (2) he failed to object to evidence of Shaw's prior felony convictions; and (3) he failed to subpoena alibi witnesses who would have testified that Shaw was in Milwaukee, Wisconsin, on the day of the bank robbery.

To merit habeas relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy a two-prong test by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The state presented overwhelming evidence implicating Shaw in the bank robbery. One witness, Willie Dawson, testified that Shaw was in Pike County, Mississippi, the day before the bank robbery. Officer Charles Roland identified Shaw as one of the suspects he saw fleeing from the bank. Bank teller Tommie Bass identified Shaw as one of the robbers. Co-defendant Antoinette Atterbury testified that Shaw was one of the bank robbers. Shaw's wallet and social security card were recovered from the get-away car. The get-away car was registered to Shaw's sister in Milwaukee. The vehicle registration was also found in Shaw's wallet.

In light of the overwhelming evidence of guilt, Shaw is unable to show a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, the district court's denial of Shaw's habeas petition is AFFIRMED.